# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, *Plaintiff*, v. VANTIVA SA, *Defendant*. | Civil Action No. 2:24-cv-00912-RWS-RSP<br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE OR IN THE ALTERNATIVE STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**

# Table of Contents

I.   THE PRIVATE AND PUBLIC FACTORS FAVOR TRANSFER ................................... 1

   A.   Vantiva SA's Relationship to Vantiva USA Supports Transfer. ........................... 1

   B.   The Sources of Proof Are Clearly More Accessible in C.D. California. ............................ 2

   C.   Compulsory Process Upon Witnesses is Readily Available in C.D. California. ................. 4

   D.   The Cost of Attendance of Willing Witnesses Strongly Favors C.D. California. ................ 4

   E.   Judicial Economy Favors C.D. California. ........................................................................ 4

   F.   E.D. Texas Has No Significant Interest in This Suit. ......................................................... 5

II.  ENTROPIC MISREPRESENTS VANTIVA SA'S REQUEST FOR A STAY ............. 5

III. CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Crenshaw Enters. v. Irabel, Inc.*,
  2018 WL 6185991 (E.D. Tex. Jan. 18, 2018)..............................................................................4

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) ............................................................................................5

*Entropic Commc'ns, LLC v. DirecTV, LLC*,
  2:22-cv-00075 (E.D. Tex.)....................................................................................................1, 3

*Entropic Commc'ns, LLC v. Sagemcom Broadband SAS*,
  2:25-cv-00379 (E.D. Tex.).........................................................................................................3

*In re Google LLC*,
  2021 WL 5292267 (Fed. Cir. Nov. 15, 2021)............................................................................3

*Robert Bosch Healthcare Sys., Inc., v. Cardiocom, LLC*,
  2014 WL 12618095 (E.D. Tex. 2014) .......................................................................................5

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023) ......................................................................................................3

In a parallel case pitting MaxLinear patents against Broadcom products, Entropic conceded that "California is the location where most of the relevant witnesses and sources of proof are located." 2:22-cv-00075 (E.D. Tex.) ("*DirecTV*"), Dkt. 77 at 1.[1] But not anymore. Here, Entropic contends that Texas is proper despite venue discovery *confirming* that it sued the wrong entity, and that Vantiva SA does not sell products in the United States, let alone this District. Worse, Entropic asks this Court to punish Vantiva SA for making Vantiva USA witnesses available *to answer Entropic's questions about Vantiva USA* while mischaracterizing their testimony. None of Entropic's arguments avoids the obvious: Entropic sued Comcast and Cox—for use of the same products and based on the same patents—in the Central District of California, where the sources of proof overwhelmingly lie. The evidence confirms that transfer is appropriate.

## I. THE PRIVATE AND PUBLIC FACTORS FAVOR TRANSFER

### A. Vantiva SA's Relationship to Vantiva USA Supports Transfer.

Entropic begins its opposition by misrepresenting the testimony of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Entropic distances itself from this prior statement, claiming that *DirecTV* "involved **none** of the patents" asserted here. Opp. at 12 (citing transferee docket). Wrong. Entropic asserted the '008 patent in *DirecTV*, as it does here. *DirecTV*, Dkt. 1, 20.

[2] Unless stated otherwise, all exhibits cited herein are attached to the Declaration of Krishnan Padmanabhan submitted along with, and in support of, this Reply.



In view of this unequivocal testimony, Entropic shifts focus to Vantiva SA's presentation of Vantiva USA employees for deposition during venue discovery, suggesting that this supports its theory that the two are operationally the same. *See* Opp. at 3–4. That is not only wrong, ▇ ▇, but it supports the opposite conclusion. Indeed, Vantiva SA only presented Vantiva USA employees because it *had to*. Given the entities' separation, no Vantiva SA employee could speak to the Accused Products' design, development, operations, marketing, or sales—topics on which Entropic requested venue discovery—because those activities fall squarely in Vantiva USA's domain. Ex. C (Dep. Topics 1–2, 6–10). Plus, it hardly seems appropriate to fault Vantiva SA for participating in venue discovery in good faith.

### B. The Sources of Proof Are Clearly More Accessible in C.D. California.

Next, Entropic takes issue with Vantiva SA's motion "focus[ing] on potential third-party documents in California" because "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." Opp. at 4. But that is precisely the point. This is not the "usual" case because Vantiva SA *does not make or sell* the Accused Products. Moreover, Entropic's infringement allegations are *entirely* focused on (i) the functionality of chips provided

2

by third-party Broadcom, and (ii) patents developed by third-party MaxLinear. *E.g.*, Dkt. 1-13. Both are California companies within 100 miles of the Central District of California, where Entropic has pending litigation on the same patents and Accused Products. *DirecTV*, Dkt. 77 at 1; Dkt. 29-2 ¶ 3. And Broadcom confirmed that their relevant documents, information, and personnel are in Irvine, California, not in Texas. Case 2:25-cv-00379 (E.D. Tex.), Dkt. 19-36 ¶¶ 4–7.

Entropic's assertions to the contrary are unpersuasive. Entropic relies on *Google* to suggest that ███████████████████████████████████████████████████████ *See* Opp. at 5–6 (citing 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021)). Even setting Entropic's speculations aside, the argument is legally flawed. The Fifth Circuit has more recently stressed the *accessibility* to electronic evidence. *In re TikTok, Inc.*, 85 F.4th 352, 358–60 (5th Cir. 2023) (reversing lower court's finding—that "relevant documents are electronic and can be available as easily in Texas as in California"—because only "certain of petitioners' employees" with "security clearance" had "access" to the electronic evidence). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Entropic then claims that Vantiva SA distributes the Accused Products in Texas. Opp. at 6–7. That too is false. ███████████████████████████████████████████████████████████████████

That fact only supports transfer to the Central District of California.

### C. Compulsory Process Upon Witnesses is Readily Available in C.D. California.

Next, Entropic suggests that compulsory process is unnecessary for MaxLinear witnesses based on the declaration of a MaxLinear attorney, which claims that MaxLinear will make two employees available for trial. *See* Opp. at 8 (citing Feagle Decl.). But that offers little comfort. After all, the declaration is not binding, and it does not mention the other four inventors and numerous prior artists over which MaxLinear lacks control, who *are* subject to compulsory process in the Central District of California. *Compare* Feagle Decl. ¶¶ 4–5, *with* Dkt. 29 at 4, 7 (discussing that Messrs. Huang, Li, Hebron, Tierney, Gatta, Gomez, and Dauphinee are all within the subpoena power of C.D. Cal.). In any event, MaxLinear's declaration does not change Broadcom's refusal to make its witnesses available—and Broadcom is a critical source of proof in this case because Entropic's infringement allegations *exclusively* focus on the operation of Broadcom's chips. *E.g.*, Dkt. 1-13. Broadcom's witnesses are, however, subject to compulsory process in the Central District of California.

### D. The Cost of Attendance of Willing Witnesses Strongly Favors C.D. California.

Next, Entropic divorces the 100-mile rule from practicality. *See* Opp. at 9–10. It matters not that a handful of witnesses are closer to Texas if "witness travel costs can be reduced if all related litigation occurs in one location"—California. *See, e.g.*, *Crenshaw Enters. v. Irabel, Inc.*, 2018 WL 6185991, at *7 (E.D. Tex. Jan. 18, 2018) (quotation omitted)). Under Entropic's theory, witnesses in this case (from Vantiva SA, Entropic, and third parties) will be forced to travel to California for the Cox and Comcast trials, and *once again* to East Texas for trial here.

### E. Judicial Economy Favors C.D. California.

For the final private factor, Entropic maintains that this District's experience with the asserted patents, based on an earlier case against Charter, renders it the more economical venue.

4

Opp. at 10–11. Not so. Judge Gilstrap presided over the Charter case, and this case is before Judge Schroeder. And while both cases are assigned to Magistrate Payne, "having the same judge handle multiple suits involving the same patents" should not "dominate the transfer inquiry." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Instead, the focus is on the "benefits … apparent at the time the suit was filed," and transfer is favored where it would align a case with its first-filed counterparts. *Id.*; *see, e.g.*, *Robert Bosch Healthcare Sys., Inc., v. Cardiocom, LLC*, 2014 WL 12618095, at *1 (E.D. Tex. 2014). Here, the first-filed cases against Cox and Comcast in California involve the same patents and are further advanced.

### F. E.D. Texas Has No Significant Interest in This Suit.

Lastly, Entropic argues that this District enjoys an interest because Altice deploys the Accused Products here. Opp. at 12. That is a troubling claim because █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

### II. ENTROPIC MISREPRESENTS VANTIVA SA'S REQUEST FOR A STAY

While Vantiva SA is pleased that Entropic does not oppose a stay during the pendency of the PTAB's resolution of IPRs, Entropic misrepresents a critical aspect of Vantiva SA's request. Vantiva SA never agreed to full statutory estoppel. It only agreed to estoppel "*based on any of the instituted grounds*" upon a stay. Dkt. 29-46 (emphasis added). Regardless, Entropic's request that a stay should exclude appeals confirms that Entropic intends to burden the Court and parties by litigating claims that the PTAB already invalidated.

### III. CONCLUSION

Vantiva SA respectfully requests the Court to transfer this litigation to the Central District of California. In the alternative, Vantiva SA requests a stay until October 6, 2025.

5

|  |  |
|---|---|
| Dated: August 28, 2025 | By: */s/ Krishnan Padmanabhan* <br> **WINSTON & STRAWN LLP** <br> Krishnan Padmanabhan (*pro hac vice*) <br> kpadmanabhan@winston.com <br> WINSTON & STRAWN LLP <br> 200 Park Ave. <br> New York City, NY 10166 <br> Telephone: (212) 294-6700 <br> Facsimile: (212) 294-4700 <br><br> Saranya Raghavan (*pro hac vice*) <br> sraghavan@winston.com <br> WINSTON & STRAWN LLP <br> 35 W. Wacker Drive <br> Chicago, IL 60601 <br> Telephone: (312) 558-5600 <br> Facsimile: (312) 558-5700 <br><br> Deron R. Dacus <br> Texas Bar No. 00790553 <br> THE DACUS FIRM, P.C. <br> 821 ESE Loop 323, Suite 430 <br> Tyler, Texas 75701 <br> (903) 705-1117 <br> E-mail: ddacus@dacusfirm.com <br><br> *Attorneys for Defendant Vantiva SA* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2025, a true and correct copy of the foregoing was served by email to the parties of record.

Dated: August 28, 2025

/s/ *Krishnan Padmanabhan*
Krishnan Padmanabhan

[redacted]

Dated August 28, 2025

/s/ *Krishnan Padmanabhan*
Krishnan Padmanabhan